UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06664-MCS-JC | Date | November 20, 2024 |
| Title | *Alliance of Schools for Cooperative Insurance Programs v. Munich Reinsurance America, Inc.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 10) (JS-6)

Plaintiff Alliance of Schools for Cooperative Insurance Programs ("ASCIP") filed this case in California state court. Defendant removed it to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiff moved to remand, which was fully briefed. (Mot, ECF No. 10; Opp'n, ECF No. 14; Reply, ECF No. 15). The Court heard argument on the motion on November 4, 2024, and took it under submission. (Mins., ECF No. 21.)

In its motion, ASCIP argues that diversity jurisdiction is improper because, as a California joint powers authority ("JPA") organized by California public school districts and educational agencies, ASCIP is an arm of the state and therefore is not a citizen of California or any other state. (Mot. 2.) For the reasons below, the Court agrees and remands the case.

**I.    BACKGROUND**

Plaintiff is a JPA composed of public school districts and public educational agencies whose primary purpose is to expend state-provided funds of its members on a risk-sharing basis where all members contribute to indemnify each member

against lawsuits. (Birgel Decl. Ex. C, ECF No. 10-3.) Defendant provides reinsurance coverage to Plaintiff. (Compl. ¶ 1, ECF No. 1-1.) Plaintiff filed an action in Los Angeles County Superior Court alleging that Defendant failed to provide full coverage to Plaintiff for its losses, and therefore violated the parties' reinsurance agreement. (*Id.* ¶¶ 36–47.)

Defendant removed the action to this Court claiming that complete diversity exists because the amount in controversy exceeds $75,000 and because Defendant is a citizen of Delaware and New Jersey while Plaintiff is a citizen of California. (Notice of Removal ¶¶ 5–7.) Plaintiff then filed the present motion.

The narrow issue in front of the Court is whether, for the purposes of diversity jurisdiction, ASCIP is an arm of the state and, therefore, not a citizen for the purpose of diversity jurisdiction.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that there is a "strong presumption" against removal jurisdiction, and that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Regarding citizenship, states are immune from suit in federal court and therefore are not "citizens" for the purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). This immunity extends to state entities that

are considered "arm[s] of the [s]tate." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

The Ninth Circuit has instructed courts to employ a three-factor test to determine whether an entity is an arm of the state. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1030 (9th Cir. 2023). These factors are: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.* (alterations in original) (quoting *P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008)).

### III. ANALYSIS

ASCIP argues that it is an arm of the state because (1) ASCIP's members are considered arms of the state under Ninth Circuit precedent; and (2) a weighing of the *Kohn* factors show that ASCIP is an arm of the state. The Court addresses each issue in turn.

#### A. Educational Entities as Arms of the State

JPAs are entities formed pursuant to California Government Code section 6500 et seq. They can only be created by two or more public agencies and may only exercise powers that are common to the contracting parties. Cal. Gov't Code § 6502. In this case, ASCIP is a JPA created by and consisting of California public school districts and public educational entities. (Birgel Decl. Ex. B ("Bylaws"), arts. II–III, ECF No. 10-4.)

ASCIP contends that the Ninth Circuit has deemed its members to be arms of the state, and therefore ASCIP is also an arm of the state. (Mot. 9); *see Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 253 (9th Cir. 1992); *see also Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 926 (9th Cir. 2017) (reaffirming that public school districts as well as public educational agencies like county departments of education are entitled to sovereign immunity). Defendant disagrees on two grounds: first, it argues that the Court should only consider the status of ASCIP itself, not its members; and second, it avers that ASCIP has not met its burden[1] of establishing

---

[1] Plaintiff cites no authority that Defendant bears the burden of proof for this. Since Defendant does not contest the burden issue, the Court only notes that it has not endorsed Plaintiff's characterization that Defendant bears the burden on this issue.

that its members are arms of the state because the Ninth Circuit overruled the test it used in its *Belanger* ruling. (Opp'n 5–6.)

The Court rejects Defendant's first contention that the citizenship of ASCIP's members does not inform whether ASCIP itself is an arm of the state. Admittedly, Ninth Circuit courts have not assessed the citizenship of JPAs in depth, but when they have, they have typically considered the citizenship of the members. Notably, in *Mag US Lounge Management, LLC v. Ontario International Airport Authority*, the Ninth Circuit reversed a district court's ruling that a JPA was an arm of the state, in part because the JPA was formed by two entities that were *not* arms of the state. No. 22-55230, 2022 U.S. App. LEXIS 34478, at *6–7 (9th Cir. Dec. 14, 2022). While not binding, the panel's analysis teaches that the nature of constituent entities of a JPA informs the arm-of-the-state inquiry. As a result, although the issue is not dispositive, the Court will certainly consider the citizenship of ASCIP's members when assessing if ASCIP is an arm of the state.

The Court also rejects Defendant's second argument that ASCIP has not proved that its members are arms of the state. For context, the court in *Belanger* employed a multi-factor test from *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988), to conclude that public school districts are arms of the state. *Belanger*, 963 F.2d at 254. However, in *Kohn*, the Ninth Circuit "reshape[d]" the *Mitchell* test in favor of the three-factor *Kohn* test. *Kohn*, 87 F.4th at 1027. Therefore, Defendant argues that ASCIP must re-establish that public school districts are arms of the state for jurisdictional purposes. However, Defendant overlooks the Ninth Circuit's commentary in *Kohn* that the new "framework is unlikely to lead to different results in cases that previously applied the *Mitchell* factors and held an entity entitled to immunity." *Id.* at 1031.[2] In fact, aside from dicta, there are no cases that this Court is aware of since *Kohn* that have overturned the citizenship status of public school districts or public educational entities. Accordingly, the Court considers ASCIP's members to be arms of the state.

---

[2] For this reason, the Court continues to look to cases that predate the *Kohn* test for guidance. *Mag US Lounge Management, LLC* is one of these cases. While *Kohn* provides the appropriate test, the Court is not convinced that cases using the *Mitchell* test are irrelevant. Indeed, in addition to the Ninth Circuit's commentary regarding the validity of precedent under the *Mitchell* test, a comparison of the *Mitchell* factors and the *Kohn* factors suggests that the Ninth Circuit merely shifted the weight that different aspects of the arm-of-the-state analysis are to be given.

B.     *Kohn* Factors

As a starting point, the mere fact that ASCIP consists entirely of arms of the state supports a finding that ASCIP is also an arm of the state. This is likely why Defendant spills much ink casting doubt over the immunity status of public school districts. However, even an analysis of the *Kohn* factors demonstrates ASCIP is an arm of the state.

Since the Court presumes that ASCIP's members are arms of the state, consistent with decades of precedent, the Court analyzes the *Kohn* factors from the perspective of ASCIP's members rather than the State of California or its government. It makes little sense to assess California's intent or control regarding the creation of ASCIP because the state government itself played virtually no role in creating ASCIP. And, while California did endow its public agencies with the power to create JPAs more broadly, the Court does not find it necessary to consider whether the state intended *all* JPAs to be arms of the state or not. Relevantly, in *Mag US Lounge Management*, the Ninth Circuit did not expressly reject the possibility that a JPA could be an arm of the state. Instead, the panel conducted an individualized inquiry into the relevant characteristics and formation of the JPA in question. *See* 2022 U.S. App. LEXIS 34478, at *5–8. Therefore, the Court finds it proper to view *Kohn* factors from the perspective of ASCIP's members rather than the state itself.

The first factor, which looks at the members' intent in creating ASCIP and ASCIP's governmental functions, leans slightly toward ASCIP being an arm of the state. First, California law only permits JPAs like ASCIP to exercise power common to the contracting parties. Cal. Gov't Code § 6502. Therefore, ASCIP's powers are limited to the functions of its members. In this case, ASCIP's members are considered arms of the state, so whatever functions ASCIP exercises are, at minimum, derivative of governmental functions. Logically, since ASCIP's powers are the same as those of its members, ASCIP's members intended for ASCIP to possess the same powers and status as they do.

The second factor, which assesses who controls and supervises ASCIP, also weighs in favor of finding ASCIP an arm of the state. While ASCIP is a legally distinct entity, it is firmly controlled by its members. ASCIP's bylaws clearly provide that ASCIP "shall be under the direction and control of, and shall be governed by, an Executive Committee." (Bylaws art. IV(1).) ASCIP's members elect the Executive Committee from its constituent agencies' full-time employees, and those who sit on the committee are unpaid. (*Id.* art. IV(2)–(3), (5)–(8).) The Bylaws further state the

Committee "shall have the authority to exercise the powers of ASCIP as set forth in the Joint Powers Agreement." (*Id.* art. V.) These are hardly the characteristics of an independent entity. Instead, a reasonable interpretation of these provisions suggests that ASCIP operates at the discretion of its members and is subject to oversight and control by its members, which are arms of the state.

The third factor, which considers ASCIP's financial relationship to its members and the treasury, also suggests that ASCIP is an arm of the state. California law states that any "debts, liabilities, and obligations of the [JPA] shall be the debts, liabilities, and obligations of the parties to the agreement." Cal. Gov't Code § 6508.1(a). The parties to the agreement, in this case, are entities that are funded by the state. ASCIP, in turn, is entirely funded by its members, and while it is strictly accountable for all funds received and disbursed, if the total liabilities of ASCIP exceed the total assets in a given year, its members are assessed a pro rata share of the additional contribution required. (Bylaws art. VIII(1)–(2), (7).) The financial structure of ASCIP is perhaps the strongest indicator that ASCIP is an entity whose powers and finances are derivative of its members.

Therefore, the Court concludes that the balance of the *Kohn* factors leans in favor of ASCIP being an arm of the state. The Court again looks to *Mag US Lounge Management* for further support. There, the Ninth Circuit concluded that a JPA was not an arm of the state because (1) it was formed and controlled by entities that were not arms of the state and (2) there was no indication that the JPA's debts or liabilities passed through to its members, so the JPA was solely responsible for its debts and liabilities. 2022 U.S. App. LEXIS 34478, at *6–8. Here, unlike in *Mag US Lounge Management*, ASCIP is formed and controlled by entities that are arms of the state, and there is evidence that ASCIP's debts and liabilities pass through to its members, who are solely responsible for its funding and financial operations.

## IV.   CONCLUSION

Accordingly, the Court finds that it does not have subject-matter jurisdiction over the case because ASCIP is not a citizen of any state for the purpose of diversity jurisdiction. Remand is therefore appropriate. 28 U.S.C. § 1447(c). The motion is granted. The case is remanded to Los Angeles County Superior Court, Case No. 24NWCV02052. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**